**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BART GABE**, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case no.: |
| | ) | |
| **ALLIED FIRST BANK, S.B., and ALLIED FIRST BANCORP, INC.** | ) ) | |
| | ) | |
| Defendant. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Bart Gabe, on behalf of himself and all others similarly situated, by and through

counsel, for his Complaint against Defendants Allied First Bank, S.B. and Allied First Bancorp,

Inc. (collectively as "AFB" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff Bart Gabe is a former AFB Mortgage Loan Originator ("MLO"). He sold

mortgages to individual customers primarily over the telephone and internet. AFB treated

him and other MLOs as exempt, commission only employees, and AFB refused to pay

them minimum wages and overtime.

2.    This is a collective and class action brought by Individual and Representative Plaintiff Bart

Gabe on his own behalf and on behalf of the proposed collective and Rule 23 classes.

Plaintiff and the putative collective and class members are or were employed by AFB as

"mortgage loan originators," "loan officers," "loan originators," and in similar job titles,

and were denied overtime and/or minimum wage compensation as required by the Fair

Labor Standards Act ("FLSA") and Illinois laws. These employees are similarly situated under the FLSA, 29 U.S.C. § 216(b), and Federal Rule of Civil Procedure ("Rule") 23.

3. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendants as "mortgage loan originators," "loan officers," "loan originators," or similar job titles (collectively as "MLOs"), within the United States at any time within the last three years (the "Collective Period").

4. The Illinois Class is made up of all persons who are, have been, or will be employed by Defendants as "mortgage loan originators," "loan officers," "loan originators," or similar job titles, within three years of the filing of this Complaint through the date of final disposition of this action (the "Illinois Class Period").

5. During the Collective Period and the Illinois Class Period, Defendants failed to pay minimum wage and/or overtime compensation to each member of the FLSA Collective and Illinois Class as required by the FLSA and Illinois state law. Plaintiff seeks relief for the Illinois Class under the Illinois Minimum Wage Law ("IMWL") 820 ILCS 105/1 *et seq.* and for the FLSA Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate minimum wage and overtime compensation, and maintain and distribute accurate time records.

6. AFB's policy and practice is to deny earned wages, including minimum wage and/or overtime pay, to its MLOs. In particular, AFB requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them minimum wage and/or overtime by illegally misclassifying such employees.

7. AFB's deliberate illegal treatment of its MLOs which denies them minimum wage and/or overtime compensation results in AFB violating the FLSA and the IMWL.

8.  Plaintiff will add additional Rule 23 claims under the wage and hour laws of other states if necessary once additional persons opt into this case.

### PARTIES

9.  Plaintiff Bart Gabe currently resides in New Mexico. AFB employed Plaintiff Gabe as a MLO from approximately July, 2018 to January 3, 2023. Plaintiff Gabe's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as an exhibit.

10. Defendant Allied First Bank, S.B. is a state chartered savings bank with its principal office located at 3201 Orchard Road, Oswego, IL 60543. AFB does business in this judicial district and nationwide thru the internet and other media. AFB is a wholly-owned subsidiary/affiliate of Allied First Bancorp, Inc.

11. Defendant Allied First Bancorp, Inc. is a Maryland corporation with its principal place of business located in Oswego, IL. Allied First Bancorp, Inc. does business in this judicial district and nationwide thru the internet and other media.

### JURISDICTION AND VENUE

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

13. This Court has supplemental jurisdiction for all claims asserted under the IMWL in that the claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

14. The United States District Court for the Northern District of Illinois has personal jurisdiction because AFB conducts business within this District.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Illinois.

## FACTUAL ALLEGATIONS

16. "As a pioneer in the banking world, we're not the new kids on the block." "[I]n 2000 we converted to an Illinois state charted savings bank and an FDIC Member. We later took roots at our current location in Oswego in 2007." *See* AFB website: https://alliedfirst.com/about-us/.

17. "Our company's growth reflects the success of our customer-centric approach. In our first decade alone, we've grown to become one of the nation's largest mortgage lenders with a staff over 500 and nearly 25 offices around the country." *See* AFB website: https://mortgages.alliedfirst.com/AboutUs.html.

18. At all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

19. At all relevant times, Defendants have been, and continue to be, "employers" as defined by the IMWL, 820 ILCS 105/3 and other applicable Illinois laws.

20. Defendants paid Plaintiff and other MLOs on a commission only basis. As a result, Defendants failed to pay minimum wage and/or overtime compensation paid to Plaintiff and other MLOs.

21. By way of example, Plaintiff began working for Defendants in July 2018. Defendants did not pay him overtime compensation despite the fact that he routinely worked over eight hours per day and more than 40 hours per week.

22. Defendants uniformly applied its payment structure to all MLOs.

23. In fact, Defendants entered into form Mortgage Loan Originator Agreements with its MLOs which standardized their job duties, and employment terms and conditions.

24. Defendants suffered and permitted Plaintiff and other MLOs to work more than forty hours per week without minimum wage and/or overtime compensation for all hours worked. For example, Plaintiff and other MLOs regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Mortgage Originators regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

25. For example, Plaintiff often worked from 8:00 am until at least 6:00 pm during the week, plus additional time in the evenings. Plaintiff also worked on the weekends.

26. As another example, the week of November 1, 2021, Plaintiff worked about 48 hours which included 8 hours of overtime. Defendants, however, did not pay him any compensation for that week.

27. Defendants failed to require Plaintiff and other MLOs to record their hours of work even though they worked more than 40 hours which was known to Defendants.

28. Defendants knew Plaintiff and other MLOs worked more than forty hours in a week because Defendants expected Plaintiff and MLOs to be available to receive phone calls and answer emails – from customers, outside sources, and from Defendants' management employees – in the evenings and on weekends. Also, for example, Plaintiff and other MLOs were expected to timely respond to leads after receiving them. Plaintiff and other MLOs sometimes received these leads in the evenings and on the weekends.

29. Further, Defendants required Plaintiff and other MLOs to register their cell phones with Defendants which emailed and texted them during the evenings and weekends in addition to "normal" work hours during the week.

30. Defendants uniformly denied Plaintiff and other MLOs minimum wage and/or overtime pay.

31. Defendants treated Plaintiff and other MLOs as commission only employees and therefore did not pay them all minimum wage and/or overtime compensation to which they are entitled, even though they worked overtime hours. Defendants uniformly applied this policy and practice to all MLOs.

32. In reality, Plaintiff and other MLOs are and were non-exempt sales employees who are and were entitled to minimum wage and/or overtime pay.

33. Defendants are in the business of selling mortgages.

34. Plaintiff and the other MLOs had the same primary duty of selling loan products.

35. Plaintiff's and other MLOs' work is and was directly related to mortgage sales.

36. Plaintiffs and other MLOs did not customarily and regularly make sales at their customers' home or place of business.

37. Instead, Plaintiff and other MLOs regularly made sales over the phone and/or via the internet.

38. Plaintiff and other MLOs did not regularly supervise the work of two or more employees.

39. Plaintiff and other MLOs did not exercise discretion and independent judgment as to matters of significance, or perform office work related to AFB's general business operations or its customers

40. Plaintiff and other MLOs had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

41. All MLOs are similarly situated in that they share common job duties and descriptions, and were all subject to AFB's policy and practice that treated them as commission only employees, all had the standard Mortgage Loan Originator Agreement, and all performed work without minimum wage and/or overtime compensation.

42. Defendants' wage statements did not accurately reflect all hours Plaintiff and other MLOs worked because Defendants did not require Plaintiff and other MLOs to record their work time for all the hours they worked, including overtime hours.

43. Defendants did not provide Plaintiff and the other MLOs with accurate paychecks.

44. Defendants did not pay Plaintiff and other MLOs minimum wage or for their overtime hours. Accordingly, Defendants did not provide Plaintiff and other MLOs with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

45. Defendants are aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not MLOs. Moreover, it is common industry knowledge that courts and the United States Department

of Labor have found mortgage loan officers to be non-exempt employees entitled to be paid minimum wage and/or overtime compensation for all hours worked.

46. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other MLOs.

FLSA Collective

47. Plaintiff brings Counts I and II on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

> All persons who are, have been, or will be employed by Defendants as "mortgage loan originators," "loan officers," "loan originators," and individuals with similar job titles or duties within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

48. Upon information and belief, Defendants paid Plaintiffs and the FLSA Collective on a commission only basis. Defendants suffered and permitted them to work more than forty hours per week without minimum wage and/or overtime compensation.

49. Defendants' failure to pay for minimum wages for work under forty hours per week and overtime for work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all MLOs.

50. Accordingly, Plaintiff and the FLSA Collective were subject to Defendants' policy, decision, and/or plan of failing to pay appropriate minimum wage and overtime compensation.

51. Defendants' unlawful FLSA conduct has been widespread, repeated and consistent.

52. Upon information and belief, Defendants knew that Plaintiffs and the FLSA Collective performed work that required minimum wage and overtime pay. Defendants required them to work long hours and weekends without the proper pay, and it is common industry knowledge that loan officers are non-exempt employees who must be paid for all hours

worked. Defendants operated under a scheme to deprive these employees of minimum wage and overtime compensation by failing to properly compensate them for all hours worked.

53. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages and overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

<u>Rule 23 Illinois IMWL Class</u>

55. Plaintiff (the "Illinois Class Representative") also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Illinois Class:** All Persons who are, have been, or will be employed by Defendants as "mortgage loan originators," "loan officers," "loan originators," or similar job titles or duties, within the State of Illinois and/or with Mortgage Loan Originator Agreements which apply Illinois law, and who worked anytime within the last three years.

56. **<u>Numerosity</u>**: Upon information and belief, the Proposed Illinois Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed more than one hundred (100) people who satisfy the definition of the Proposed Illinois Class.

57.     **Typicality**: The Illinois Class Representatives' claims are typical of the members of the Illinois Class. For example:

a. The Illinois Class Representative is informed and believes that, like other MLOs, he routinely worked more than forty hours per week during the Illinois Class Period.

b. The Illinois Class Representative had the same duties and responsibilities as other Class members, and the same standard form Mortgage Loan Originator Agreement. Class Representative's and Class Members' primary duty was to sell mortgage products.

c. The Illinois Class Representative and the Illinois Class were subject to Defendants' policy and practice of improperly failing to pay appropriate overtime compensation and minimum wages, failing to maintain accurate records of hours worked, and failing to issue accurate paychecks.

58.     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

59.     **Adequacy**: The Illinois Class Representative will fairly and adequately protect the interests of the Illinois Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

60.     **Commonality**: Common questions of law and fact exist to all members of the Illinois Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Defendants employed Plaintiff and the Illinois Class Members within the meaning of the IMWL;

b. Whether Defendants failed to maintain true and accurate time records and/or wage statements for Plaintiff and the Illinois Class;

c. Whether Defendants failed to pay minimum wage and/or overtime rates to Plaintiff and the Illinois Class for all hours worked including overtime hours;

d. The nature and extent of Class wide injury and the appropriate measure of damages for Plaintiff and the Illinois Class; and

e. Whether Defendants misclassified Plaintiff and the Illinois Class as exempt from the overtime provisions of the IMWL.

61. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions only affecting individual members of the Illinois Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Illinois Class the minimum wages and/or overtime pay to which they are entitled. The damages suffered by the individual Illinois Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

62. Plaintiff intends to send notice to all members of the Illinois Class to the extent required by Rule 23. Defendant has the contact information for the members of the Illinois Class.

## <u>COUNT I</u>
### Collective Action under §216(b) of the Fair Labor Standards Act
### Overtime Claims

63. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

64.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

65.    Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.

66.    Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

67.    Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all overtime compensation.

68.    By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

69.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70.    Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

71.    Plaintiff, on behalf of himself and the FLSA Collective seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

72. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

73. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

74. During the applicable statute of limitations, Defendants have failed to pay Plaintiff and members of the FLSA Collective the legally mandated minimum wage for all hours worked.

75. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

77. Plaintiff, on behalf of himself and the FLSA Collective, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### FED.R.CIV.P. 23 Class Action under
### ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *ET SEQ.*
### MINIMUM WAGES

78. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

79.   Defendants engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed above in this Collective and Class Action Complaint.

80.   Plaintiff and the Illinois Class are not exempt from the minimum wage provisions of the IMWL.

81.   Defendants failed to pay Plaintiff and the Illinois Class Members the minimum wages to which they are entitled in violation of the IMWL.

82.   Pursuant to 820 ILCS 105/12(a), Plaintiff and the Illinois Class Members are entitled to recover statutory damages in the amount of five percent (5%) per month of the amount of the underpayments occurring on and after February 19, 2019

83.   As a result of Defendants' violations of the IMWL, Plaintiff and the Illinois Class Members have suffered damages by being denied minimum wages in accordance with the IMWL in amounts to be determined at trial, and are entitled to recovery of all such amounts, statutory damages, attorneys fees and costs, and such other and further relief the court deems appropriate and just.

**COUNT IV**
**FED.R.CIV.P. 23 Class Action under**
**Illinois Minimum Wage Law, 820 ILCS 105/1 ET SEQ.**
**Overtime Wages**

84.   Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

85.   Defendants engaged in a widespread pattern, policy, and practice of violating the IMWL, as detailed above in this Collective and Class Action Complaint.

86.   Plaintiff and the Illinois Class are not exempt from the overtime provisions of the IMWL.

87.   Defendants failed to pay Plaintiff and the Illinois Class Members the overtime wages to which they are entitled in violation of the IMWL.

88.   Pursuant to 820 ILCS 105/12(a), Plaintiff and the Illinois Class Members are entitled to recover statutory damages in the amount of five percent (5%) per month of the amount of the underpayments occurring on and after February 19, 2019.

89.   As a result of Defendants' violations of the IMWL, Plaintiff and the Illinois Class Members have suffered damages by being denied overtime wages in accordance with the IMWL in amounts to be determined at trial, and are entitled to recovery of all such amounts, statutory damages, attorneys fees and costs, and such other and further relief the court deems appropriate and just.

**WHEREFORE,** Plaintiff, on behalf of himself and all members of the FLSA Collective and Rule 23 Illinois Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and issuance of notice pursuant to all Illinois Class Members, apprising them of the pendency of this action;

C.   A declaration that Defendants are financially responsible for notifying the FLSA Collective and the Rule 23 Illinois Class of Defendants' alleged wage and hour violations;

D. Judgment against Defendants for an amount equal to Plaintiff's, FLSA Collective's, and the Rule 23 Class's unpaid minimum wages and overtime wages at the applicable rates;

E. A finding that Defendants' conduct was willful;

F. An equal amount to the minimum wages and overtime wages as liquidated damages;

G. Statutory damages due under the IMWL;

H. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

I. Pre-judgment and post-judgment interest, as provided by law;

J. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K. Such further relief as the Court deems just and equitable.

**Demand for Jury Trial**

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated: February 14, 2023                          Respectfully submitted,

*/s/ Rowdy B. Meeks*                               */s/ Kenneth C. Apicella*
Rowdy B. Meeks, N.D. Ill #16068                    Kenneth C. Apicella, N.D. Ill #6269344
**Rowdy Meeks Legal Group LLC**                    **Drost, Gilbert, Andrew & Apicella, LLC**
8201 Mission Road, Suite 100                       4811 Emerson Ave Suite 110
Prairie Village, Kansas 66208                      Palatine, Illinois 60067
Tel:  (913) 766-5585                               Tel:   (847) 934-6000
Fax: (816) 875-5069                                Fax: (847) 934-6040
Rowdy.Meeks@rmlegalgroup.com                       KCA@dgaalaw.com
www.rmlegalgroup.com                               www.dgaalaw.com

*/s/ Brendan J. Donelon*
Brendan J. Donelon, Ill. 43901
DONELON, P.C.
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

Attorneys for Plaintiffs