IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BART GABE**, On Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case no.: 1:23-cv-0914 |
| **ALLIED FIRST BANK, S.B., and ALLIED FIRST BANCORP, INC.** | ) ) ) ) | |
| Defendant. | ) | |

**<u>FINAL APPROVAL ORDER</u>**

WHEREAS:

    A.    On February 13, 2024, Named Plaintiff Bart Gabe filed with this Court an Unopposed Motion and Memorandum in Support of Approval of an FLSA Opt-In Common Fund Settlement (Dkt. 55-56, the "Motion") regarding FLSA Collective claims under § 216(b) of the Fair Labor Standards Act against Defendants Allied First Bank, S.B. and Allied First Bancorp, Inc. (the "Civil Action"), to which was attached the Stipulation of Common Fund Settlement Agreement and Release negotiated and agreed to by the Parties, and describing the settlement of this Civil Action (the "Settlement Agreement");

    B.    This Court has duly considered all of the submissions presented with respect to the Motion;

    C.    All capitalized terms in this Order Granting Plaintiff's Unopposed Motion for Approval of an FLSA Opt-In Common Fund Settlement (this "Approval Order") that are not otherwise defined have the same meaning as in the Settlement Agreement;

    NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

    1.    This Approval Order will be binding on the FLSA Collective Members as defined in the Settlement Agreement who have negotiated their settlement checks.

2. The Settlement Agreement is fair, reasonable and adequate, is in the best interests of the Named Plaintiff and the FLSA Collective Members and should be approved, especially in the light of the benefits to Named Plaintiff and the FLSA Collective Members, the thorough discovery and investigation conducted by FLSA Collective Counsel prior to the Settlement Agreement, and the complexity, expense, risks and probable protracted duration of further litigation, including the risk presented by the defenses asserted by Defendants, and the delays associated with the litigation process and an appeal.

3. This Court certifies Bart Gabe as the Named Plaintiff and representative of the FLSA Collective Members in the negotiation of the Settlement Agreement.

4. The Notice attached as Exhibit B to the Settlement Agreement fully and accurately informs the FLSA Collective Members of all material elements of the Civil Action and the Settlement Agreement.

5. The Parties propose to disseminate the Notice to the last known mailing addresses, email address, and text message phone number of all FLSA Collective Members, and mail settlement checks to them. This Court finds that the form and method of disseminating the Notice, and for FLSA Collective Members to receive payment, is the best notice practicable under the circumstances and fully meets the requirements of any applicable federal and state law.

6. Based on the foregoing, the proposed Notice is hereby approved by the Court.

7. Within twenty-eight (28) days after entry of this Order, Defendants shall mail the Notice along with their settlement check to all FLSA Collective Members. FLSA Collective Members shall have ninety (90) days from the date of mailing of the Notice and settlement checks to negotiate the settlement check. By doing so, FLSA Collective Members who negotiate their settlement checks are consenting to become part of this Civil Action in order to participate in this Settlement under § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

8. The Court hereby approves the FLSA Collective Counsel's request for attorneys' fees in the amount of one-third of the Settlement Fund and approves their costs and expenses of $15,278.46 to be paid from the Settlement Fund. The Court also approves Arden Claims Service as the Third Party Administrator and approves $50,000 for settlement administration costs, to be paid from the Settlement Fund. Similarly, the Court grants Named Plaintiff Bart Gabe's request for payment of $15,000 for a service payment to be paid from the Settlement Fund.

9. The Settlement Agreement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act, and shall be consummated in accordance with its terms and provisions.

10. This Civil Action is hereby dismissed in its entirety, on the merits, as against Defendants with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. This Court intends this Order of Approval to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

11. All FLSA Collective Members who negotiate any settlement checks under the terms of the Settlement Agreement shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties for any and all Released Claims as defined in the Settlement Agreement.

12. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendants, Named Plaintiff, and each FLSA Collective Member for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the implementation of the terms of the Settlement Agreement and this Approval Order. Defendants, Named Plaintiff, and each FLSA Collective

3

Member who negotiates their settlement check are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating to this Order of Approval or the Settlement Agreement.

13. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

**It is so ordered.**

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

DATE: February 13, 2024